11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Troy
Wayne Cross

Appellant

Vs.                   No. 11-02-00225-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

                                                                     On
Remand

The jury convicted Troy Wayne Cross of burglary of
a habitation with the intent to commit aggravated sexual assault, of aggravated
sexual assault, and of aggravated assault. 
The jury found that the enhancement allegations were true and that
appellant used or exhibited a deadly weapon in the commission of each
offense.  The jury assessed appellant=s punishment at confinement for life
for each offense.  The jury also assessed
a $10,000 fine for the aggravated assault.

Originally, this court affirmed the aggravated
sexual assault and the aggravated assault convictions and reversed the burglary
of a habitation with the intent to commit aggravated sexual assault conviction,
holding that appellant=s
statement that he entered the victim=s
apartment without her permission was improperly admitted into evidence. Cross
v. State, 114 S.W.3d 92  (Tex.App. -
Eastland 2003).  The Court of Criminal
Appeals held that the statement was properly admitted and reversed and remanded
the case to this court for consideration of appellant=s
remaining issues as they apply to his conviction for burglary of a habitation
with the intent to commit aggravated sexual assault.  Cross v. State, 144 S.W.3d 521
(Tex.Cr.App.2004).

Appellant has been provided the opportunity to
amend his brief on remand.  An amended
brief has not been filed.  Therefore, we
will address the second, third, and fourth issues raised in his original brief.








All three of these issues challenge the assessment
of a mandatory life sentence pursuant to 
former TEX. PEN. CODE '
12.42 (1999).[1]  At the time of appellant=s trial, Section 12.42(c) provided
that, if a person was convicted of burglary of a habitation with the intent to
commit either sexual assault or aggravated sexual assault and if the person had
a prior conviction under the laws of another state for an offense with elements
Asubstantially similar to the elements@ of sexual assault as defined by TEX.
PEN. CODE ANN. ' 21.11
(Vernon 2003), the appropriate punishment was a mandatory life sentence.  The State introduced evidence that appellant
had been convicted in 1989 in Oklahoma of Arape.@ The trial court took judicial notice
of the Oklahoma rape statute, held that the elements of the Oklahoma offense
were substantially similar to the Texas sexual assault statute, and instructed
the jury accordingly.

As noted in our original opinion, the Oklahoma
rape statute and the Texas sexual assault statute had substantially similar
elements as required by Section 12.42.  Cross
v. State, 114 S.W.3d at 100. 
Further, Section 12.42 required that the statutory elements of each
offense, not the actual facts and circumstances of the offenses, be
substantially similar.  Cross v. State,
114 S.W.3d at 100.  The State=s failure to prove the date the
Oklahoma offense occurred did not prevent the application of Section
12.42.  Appellant=s
second, third, and fourth issues are overruled.

The trial court=s
judgment of conviction for burglary of a habitation with the intent to commit
aggravated sexual assault is affirmed.

 

PER CURIAM

 

July 21, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.

 











[1]The 2003 amendments to TEX. PEN. CODE ANN. ' 12.42 (Vernon Supp. 2004 - 2005) do not apply to the
present case.  All references to Section
12.42 in this opinion are to the law in effect at the time of appellant=s 2002 trial.